1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE KAPAHUA, | ) 1:10-cv—0080-OWW-SKO-HC |
| Petitioner, | ) ORDER DISMISSING THE PETITION |
| | ) WITH LEAVE TO FILE A FIRST |
| | ) AMENDED PETITION NO MORE THAN |
| v. | ) THIRTY (30) DAYS AFTER THE DATE |
| | ) OF SERVICE OF THIS ORDER |
| J. HARTLEY, | ) |
| | ) **DEADLINE FOR AMENDED PETITION:** |
| Respondent. | ) **THIRTY (30) DAYS AFTER SERVICE OF** |
| | ) **THIS ORDER** |
| | ) |
| | ) ORDER DIRECTING THE CLERK TO SEND |
| | TO PETITIONER A BLANK § 2254 |
| | HABEAS CORPUS PETITION FORM |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.

### I.  Background

When the petition was filed, Petitioner was an inmate of the Avenal State Prison located within the Eastern District of California; he was serving a sentence of seventeen years to life for a conviction of second degree murder sustained in the Orange County Superior Court in 1991. (Pet. 1-2.) On December 2, 1009, Petitioner filed a petition for writ of habeas corpus in the

1

United States District Court for the Central District of
California.  On December 7, 2009, Magistrate Judge Robert N.
Block issued an order dismissing the petition with leave to amend
because it was "virtually unintelligible," and it was unclear
whether Petitioner was challenging his 1991 sentence or a past or
prospective action of the "Parole Board."  (Doc. 3, 1.)  Judge
Block noted that if the petition challenged Petitioner's 1991
sentence, it appeared to be time-barred on its face; if it
challenged a decision of the Parole Board, it was subject to
transfer to this district because Petitioner's institution of
confinement at Avenal was within this district.  (Id. at 3.)  The
order directed that if Petitioner still desired to pursue his
action in the Central District, he was ordered to file an amended
petition within thirty days of service or face dismissal without
prejudice for failure to prosecute.  (Id. at 4-5.)

On December 23, 2009, Petitioner filed a motion to appeal
the order dismissing the petition with leave to amend.  (Doc. 4.)

On January 14, 2010, an order of District Judge A. Howard
Matz issued from the Central District construing Petitioner's
motion to appeal as a timely filed objection to the order
dismissing the petition with leave to amend.  (Doc. 5.)  Judge
Matz reviewed the petition and concurred with the Magistrate
Judge's conclusion that Petitioner did not clearly articulate his
claims.  Judge Matz further noted that in the objections,
Petitioner clarified that his claims were directed to a 2008
change in California law that Petitioner contended exposed him to
a sufficient risk of prolonged incarceration and more severe
punishment as well as a deprivation of good-time, work-time

credits without fair notice, all in violation of the prohibition against ex post facto laws. (Id. at 2-3.) The court thus transferred the petition to this district as the district of confinement. (Id. at 4.)

II. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule

3

8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

In the petition, Petitioner generally challenges changes made in 2008 in the laws of California (Cal. Pen. Code § 3041(a)(2), (3); Cal. R. Ct. 4.421, 4.423; Cal. Code Regs. tit. 15, § 2402) that he alleges affect a constitutional right to good time and work time conduct credits.  Petitioner contends that the changes further exposed him to a sufficient risk of prolonged incarceration and more severe punishment without fair notice, in violation of the prohibition against ex post facto laws and the requirements of due process of law.  He alleges that the new laws and the punishment imposed pursuant to them are invalid, and seeks a judicial declaration of the invalidity of the law.

Preliminarily the Court notes that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody.  Habeas corpus relief is available where the claims implicate the fact or duration of the petitioner's confinement.  Preiser v. Rodriguez, 411 U.S. 475, 485-87 (1973).  Because of the dearth of factual underpinning for Petitioner's claims, it does not appear that success in this action would necessarily spell immediate or speedier release for Petitioner.  It is, therefore, possible that Petitioner's claims are more appropriately brought pursuant to 42 U.S.C. § 1983.  See, Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); but see, Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) (permitting habeas corpus where there is an undeniable, potential relationship between the claim and the duration of confinement).  Petitioner has not alleged specific facts that point to a real possibility

4

of constitutional error affecting the fact or duration of his
confinement.

However, assuming that habeas corpus is a proper remedy,
Petitioner has not alleged specific facts that demonstrate that
he has standing to raise his claims.  The jurisdiction of this
Court is limited to cases and controversies.  U.S. Const. Art
III, § 1.

For this Court to have subject matter jurisdiction, a
petitioner must have standing to sue at the time the action is
filed.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 569 n.4
(1992).  To meet his burden of establishing standing, a litigant
must show that 1) he personally has suffered an actual or
prospective injury as a result of the putatively illegal conduct;
2) the injury can be fairly traced to the challenged conduct; and
3) the injury is likely to be redressed through court action.
Lujan v. Defenders of Wildlife, 504 U.S. 560-562; Valley Forge
Christian College v. Americans United for Separation of Church
and State, Inc., 454 U.S. 464, 472 (1982).  Plaintiff must have
suffered an "injury in fact," i.e., an invasion of a legally
protected interest which is a) concrete and particularized, and
b) actual or imminent, and not conjectural or hypothetical.  Id.
There must be a causal connection between the injury and the
conduct complained of such that the injury is not the result of
the independent action of a third party not before the Court.
Id.

Further, several prudential considerations may warrant
judicial restraint:  1) whether a plaintiff's complaint falls
within the zone of interests protected by the statutory or

5

1  constitutional provision at issue; 2) whether the complaint
2  raises abstract questions amounting to generalized grievances
3  which are more appropriately resolved by the legislative
4  branches, and 3) whether the plaintiff is asserting his or her
5  own legal rights and interests rather than the legal rights and
6  interests of third parties.  See, Valley Forge Christian College,
7  454 U.S. 464, 471-75.

8  Here, Petitioner does not state any specific facts
9  concerning the particularized application of the laws to him.
10  Indeed, in his objections, he admits that the alleged
11  "claims/grounds do not rest on the impact of any specific parole
12  suitability hearing or parole denial; but in fact rest on the
13  change in the law...."  (Doc. 4, 1.)  Petitioner essentially
14  challenges the laws in a factual vacuum, asserting only generally
15  that the laws significantly increase his risk of longer
16  incarceration.

17  Petitioner has not alleged facts to demonstrate that he has
18  or will suffer any injury by the passage of the laws in question.
19  The Court knows nothing concerning any application of the
20  challenged laws or policies to Petitioner; there is no factual
21  context concerning specific parole decisions or deprivations of
22  time credits.  No specific facts have been alleged that warrant a
23  conclusion that the fact or duration of Petitioner's confinement
24  has been implicated by the passage or application of the
25  challenged laws.  Any conclusion concerning any actual injury
26  suffered by Petitioner would be based solely upon speculation.
27  The mere claim that a law is unconstitutional does not confer
28  standing.  Matter of Extradition of Lang, 905 F.Supp. 1385, 1397

1   (C.D.Cal. 1995).

2        Accordingly, The instant petition must be dismissed for the

3   reasons stated above.

4        III.   Amendment of the Petition

5        Petitioner will be given an opportunity to file a first

6   amended petition to cure the deficiencies.  Petitioner is advised

7   that failure to file a petition in compliance with this order

8   (i.e., a completed petition with cognizable federal claims, a

9   basis for standing, and exhaustion of state remedies clearly

10  stated) within the allotted time will result in a recommendation

11  that the petition be dismissed and the action be terminated.

12  Petitioner is advised that the amended petition should be

13  entitled, "First Amended Petition," and it must refer to the case

14  number in this action.

15       IV.   Disposition

16       Accordingly, it is ORDERED that:

17       1) The petition for writ of habeas corpus is DISMISSED with

18  leave to amend; and

19       2) Petitioner is GRANTED thirty (30) days from the date of

20  service of this order to file an amended petition in compliance

21  with this order; and

22       3) The Clerk of the Court is DIRECTED to send Petitioner a

23  form petition pursuant to 28 U.S.C. § 2254.

24

25  IT IS SO ORDERED.

26  **Dated:    November 19, 2010**            **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE

27

28