1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE KAPAHUA, | ) 1:10-cv—0080-OWW-SKO-HC |
|                Petitioner, | ) FINDINGS AND RECOMMENDATION TO |
| | ) DISMISS THE FIRST AMENDED |
| | ) PETITION FOR FAILURE TO ALLEGE |
|    v. | ) FACTS TO DEMONSTRATE STANDING AND |
| | ) FAILURE TO STATE A COGNIZABLE |
| J. HARTLEY, | ) CLAIM (Doc. 14) |
| | ) |
|               Respondent. | ) FINDINGS AND RECOMMENDATION TO |
| | ) DECLINE TO ISSUE A CERTIFICATE OF |
| _____ | ) APPEALABILITY |

DEADLINE FOR OBJECTIONS:
THIRTY (30) DAYS

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the first amended petition (FAP) filed on December 6, 2010.

    I.  Background

    When the petition was filed, Petitioner was an inmate of the Avenal State Prison located within the Eastern District of

California.  He was serving a sentence of seventeen years to life for a conviction of second degree murder sustained in the Orange County Superior Court in 1991.  (Pet. 1-2.)  On December 2, 1009, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California.

On December 7, 2009, an order of Magistrate Judge Robert N. Block issued from that Court dismissing the petition with leave to amend because it was "virtually unintelligible," and it was unclear whether Petitioner was challenging his 1991 sentence or a past or prospective action of the "Parole Board."  (Doc. 3, 1.) The Court noted that if the petition challenged Petitioner's 1991 sentence, it appeared to be time-barred on its face; if it challenged a decision of the Parole Board, it was subject to transfer to this district because Petitioner's institution of confinement at Avenal was within this district.  (Id. at 3.)  The order stated that if Petitioner still desired to pursue his action in the Central District, he was ordered to file an amended petition within thirty days of service or face dismissal without prejudice for failure to prosecute.  (Id. at 4-5.)  On December 23, 2009, Petitioner filed a motion to appeal the order dismissing the petition with leave to amend.  (Doc. 4.)

On January 14, 2010, an order of District Judge A. Howard Matz issued from the Central District in which the court construed Petitioner's motion to appeal as a timely filed objection to the order dismissing the petition with leave to amend.  (Doc. 5.)  Judge Matz reviewed the petition and concurred with the Magistrate Judge in the conclusion that Petitioner did

not clearly articulate his claims.  Judge Matz noted that in the objections, Petitioner clarified that his claims were directed to a 2008 change in California's parole laws that Petitioner contended exposed him to a sufficient risk of prolonged incarceration and more severe punishment as well as a deprivation of good-time, work-time credits without fair notice, all in violation of the prohibition against ex post facto laws.  (<u>Id.</u> at 2-3.)  The court thus transferred the petition to this district as the district of confinement.  (<u>Id.</u> at 4.)

On November 22, 2010, the Court ordered the initial petition dismissed because Petitioner had not alleged specific facts adequate to state a claim concerning the legality or duration of his confinement, or sufficient facts to demonstrate standing or an individualized injury resulting from a specific decision or action.  The Court explained that it had no information concerning any application of the challenged laws or policies to Petitioner.  Further, no specific facts had been alleged that warranted a conclusion that the fact or duration of Petitioner's confinement had been implicated by the passage or application of the challenged laws.  (Doc. 13, 4-6.)

Petitioner was granted leave to file a first amended petition.  (Doc. 13, 7.)  Petitioner filed a first amended petition (FAP) on December 6, 2010.

II.  <u>Screening the First Amended Petition</u>

The Court will proceed to screen the FAP.

A.  <u>Legal Standards</u>

1.  <u>Screening</u>

Rule 4 of the Rules Governing § 2254 Cases in the United

3

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## 2. <u>Habeas Corpus</u>

It is established that the essence or core of habeas corpus is an attack by a person in custody upon the legality of that custody. Habeas corpus relief is available where the claims

4

1    implicate the fact or duration of the petitioner's confinement.

2    Preiser v. Rodriquez, 411 U.S. 475, 485-87 (1973).

3                         3.  Standing

4         The jurisdiction of this Court is limited to cases and

5    controversies.  U.S. Const. art III, § 1.  For this Court to have

6    subject matter jurisdiction, a petitioner must have standing to

7    sue at the time the action is filed.  Lujan v. Defenders of

8    Wildlife, 504 U.S. 555, 569 n.4 (1992).

9         To meet his burden of establishing standing, a litigant must

10   show that 1) he personally has suffered an actual or prospective

11   injury as a result of the putatively illegal conduct; 2) the

12   injury can be fairly traced to the challenged conduct; and 3) the

13   injury is likely to be redressed through court action.  Lujan v.

14   Defenders of Wildlife, 504 U.S. 560-562; Valley Forge Christian

15   College v. Americans United for Separation of Church and State,

16   Inc., 454 U.S. 464, 472 (1982).  Plaintiff must have suffered an

17   "injury in fact," i.e., an invasion of a legally protected

18   interest which is a) concrete and particularized, and b) actual

19   or imminent, and not conjectural or hypothetical.  Id.  There

20   must be a causal connection between the injury and the conduct

21   complained of such that the injury is not the result of the

22   independent action of a third party not before the Court.  Id.

23        B.  Analysis

24        In the FAP, Petitioner alleges the following:

25        THE WARDEN J. HARTLEY HAS SET IN MOTION A
          SERIES OF ACTS BY OTHERS TO APPLY PRIOR
26        CAL. P.C. 3041.5, AND RETROACTIVELY AMENDED
          PROPOSITION 9, CAL. P.C. 3041.5 AND 3041(A)
27        TO DENY PETITIONER THE FUNDAMENTAL RIGHT AND LIBERTY
          INTEREST TO APPLICATION OF GOOD-TIME, WORK-TIME CONDUCT
28        CREDITS, AND RELEASE AT THE EXPIRATION OF A MINIMUM

                                    5

ELIGIBLE RELEASE DATE WITHOUT THE DUE PROCESS OF LAW
ESTABLISHED FOR DENIAL ONLY FOR DISCIPLINARY MISCONDUCT,
IN VIOLATION OF <u>DUE PROCESS</u> AND <u>EX POST FACTO</u> PRINCIPLES
OF LAW, PROTECTED BY THE <u>DUE PROCESS CLAUSE AND THE
FOURTEENTH AMENDMENT</u> TO THE <u>UNITED STATES CONSTITUTION.</u>

(FAP 7.)  Petitioner alleges that the warden permitted and set in motion acts by others amounting to procedures relating to a "discretionary parole hearing," including unspecified interviews of Petitioner by an unnamed correctional officer and psychiatric doctor, and conducting on prison grounds a "discretionary hearing, at which time a parole authority denied Petitioner discretionary parole beyond Petitioner's MEPD" by application of the statutes previously referred to in the FAP.  (FAP 7.) Petitioner further alleges that there was an unspecified denial of due process of law based on disciplinary misconduct which Petitioner did not identify but denied having committed.  (FAP 8.)  Petitioner alleges that discretionary parole suitability hearings were allowed without due process of law.  (FAP 8.)

Here, Petitioner does not state any specific facts concerning the particularized application of the pertinent laws to him.  He does not identify the date, participants, or substance of any particular hearing or decision by any parole authority or disciplinary body.  Petitioner does not state any facts concerning any specific loss of time credit or otherwise provide any specific dates or figures.  He simply makes conclusory assertions regarding the application of the challenged laws to him and his having been detained for a longer period as a result.

As noted in the Court's order dismissing the initial petition, the Court (as well as any potential respondent) knows

6

nothing concerning the application of the challenged laws to Petitioner; there is no factual context concerning specific parole decisions or deprivations of time credits.  It is established that bald assertions and conclusory allegations such as Petitioner's are insufficient to state a habeas claim.  Habeas Rule 2(c); <u>Wacht v. Cardwell</u>, 604 F.2d 1245, 1246-1247 (9th Cir. 1979).

Because of the absence of factual underpinning for Petitioner's assertions, it does not appear that success in this action would spell immediate or speedier release for Petitioner. Thus, Petitioner has failed to state facts pointing to a real possibility that Petitioner's confinement is unlawful or is being unlawfully prolonged.  The Court notes that it is possible that Petitioner's claims are more appropriately brought pursuant to 42 U.S.C. § 1983.  <u>See</u>, <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005); <u>but see</u>, <u>Docken v. Chase</u>, 393 F.3d 1024, 1031 (9th Cir. 2004 (permitting habeas corpus where there is an undeniable, potential relationship between the claim and the duration of confinement).

In summary, despite having been informed of the applicable legal standards and having been given the opportunity to provide the facts to the Court, Petitioner has not alleged specific facts that point to a real possibility of constitutional error affecting the fact or duration of his confinement.

Further, Petitioner has not alleged specific facts that demonstrate that he has standing to raise his claims.  Petitioner has not alleged specific facts to demonstrate that he has or will suffer any injury by the passage of the laws in question.  The

1  Court knows nothing concerning any application of the challenged

2  laws or policies to Petitioner; there is no factual context

3  concerning specific parole decisions or deprivations of time

4  credits.  No specific facts have been alleged that warrant a

5  conclusion that the fact or duration of Petitioner's confinement

6  has been implicated by the passage or application of the

7  challenged laws.  Any conclusion concerning any actual injury

8  suffered by Petitioner would be based solely upon speculation.

9  The mere claim that a law is unconstitutional does not confer

10 standing.  <u>Matter of Extradition of Lang</u>, 905 F.Supp. 1385, 1397

11 (C.D.Cal. 1995).

12     III.  <u>Certificate of Appealability</u>

13     Unless a circuit justice or judge issues a certificate of

14 appealability, an appeal may not be taken to the court of appeals

15 from the final order in a habeas proceeding in which the

16 detention complained of arises out of process issued by a state

17 court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

18 U.S. 322, 336 (2003).  A certificate of appealability may issue

19 only if the applicant makes a substantial showing of the denial

20 of a constitutional right.  § 2253(c)(2).  Under this standard, a

21 petitioner must show that reasonable jurists could debate whether

22 the petition should have been resolved in a different manner or

23 that the issues presented were adequate to deserve encouragement

24 to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

25 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

26 certificate should issue if the Petitioner shows that jurists of

27 reason would find it debatable whether the petition states a

28 valid claim of the denial of a constitutional right and that

8

jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).  In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  <u>Id.</u> It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

IV.  <u>Recommendation</u>

Accordingly, it is RECOMMENDED that:

1)  The first amended petition filed on December 6, 2010, be DISMISSED for failure to state facts constituting a claim cognizable on habeas corpus and for failure to state facts demonstrating Petitioner's standing; and

2)  The Court DECLINE to issue a certificate of appealability; and

3)  The Clerk be DIRECTED to close the action.

9

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 18, 2011**                    /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE